PROB 12B
(04/08)

UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

FILED May 12, 2008
MAY 1 5 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

Request for Modifying the Conditions or Term of Supervision
(Probation Form 49, Waiver of Hearing is Attached)

**Name of Offender:** Jack ROMBOLD (English)                **Dkt No.:** 07-CR-7040-001-IEG

**Name of Sentencing Judicial Officer:** The Honorable Irma E. Gonzalez, Chief U.S. District Judge

**Sentence:** 24 months custody; 3 years supervised release. (*Special Conditions: See Attached Judgment and Commitment Order.*)

**Date of Sentence:** July 11, 2005          **Date Supervised Release Commenced:** November 9, 2006

**Prior Violation History:** On July 5, 2007, as indicated in the attached Request for Transfer of Jurisdiction, Mr. Rombold failed to submit urine samples at Mental Health Systems, Inc., (MHS). Since there were no positive urine samples, it was requested that no action be taken and that Jurisdiction be transferred to this district from the District of Alaska. On July 6, 2007, the Court concurred. On November 6, 2007, jurisdiction was officially transferred to the Southern District of California.

As indicated in the attached Report on Offender Under Supervision, dated April 1, 2008, Mr. Rombold failed to submit urine samples at MHS on several occasions. Since the offender would remain in the most stringent phase of drug testing and would be referred to outpatient drug treatment, no action was requested. On April 2, 2008, the Court concurred.

## PETITIONING THE COURT

### TO MODIFY THE CONDITIONS OF SUPERVISION AS FOLLOWS:

Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of 90 days.

### CAUSE

On March 29, April 1, 26, and May 3, 2008, Mr. Rombold failed to submit urine samples at MHS. Mr. Rombold has once again admitted that he has failed to call the MHS test recording line due to being irresponsible. He continues to deny any use of controlled substances. The offender was again advised that a missed test is considered a "dirty" test, and that we cannot be certain he is abstaining from drug use unless he submits a urine sample. Additionally, in March 2008, Mr. Rombold was referred to intensive outpatient drug treatment counseling twice per week, and he failed to enroll in the program.

At this juncture, a punitive sanction is certainly warranted for Mr. Rombold's continued non-compliance. The offender has expressed a willingness to comply with supervision and realizes that he needs to adhere to the drug testing and counseling requirements. He has signed the attached Waiver of Hearing (Form 49) agreeing to the modification of supervised release. Therefore, the undersigned is recommending that supervised release be modified to include the special condition that the offender reside in a RRC for a period of 90 days as directed by the probation officer.

PROB 12B

Name of Offender: Jack ROMBOLD  
Docket No.: 07-CR-7040-001-IEG

May 12, 2008  
Page 2

---

I declare under penalty of perjury that the foregoing is true and correct.

**Executed on:** May 12, 2008

Respectfully submitted:

by *[signature]*  
Janice Rogers-Archie  
United States Probation Officer  
(619) 409-5114

Reviewed and approved:

*[signature]*  
Mary M. Murphy  
Supervising U.S. Probation Officer

Attachments                                                                                   EOA

---

**THE COURT ORDERS:**

_X_  The Modification of Conditions as Noted Above

___  Other _____

*[signature]*                                                                           5/13/08  
The Honorable Irma E. Gonzalez                                                     Date  
Chief U.S. District Judge