PROB 12C
(04/08)

September 8, 2008

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

FILED

2008 SEP 12 AM 10: 04

Petition for Warrant or Summons for Offender Under Supervision   CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

**Name of Offender:** Jack ROMBOLD (English)         **Dkt No.:** 07CR7040-001-IEG
Charged As: (same)

**Reg. No.:** 15088-006

**Name of Sentencing Judicial Officer:** The Honorable John W. Sedwick, U.S. District Judge, District of Alaska. Upon transfer or Jurisdiction to the Southern District of California, this case was assigned to the Honorable Irma E. Gonzalez, Chief U.S. District Judge.

**Date of Sentence:** July 11, 2005

**Original Offense:** 21 U.S.C. §§ 846 & 841(b)(1)(B), Drug Conspiracy, a Class B felony.

**Sentence:** 24 months custody; 3 years supervised release (*Special Conditions: See Attached Judgment and Commitment Order.*)

**Modification:** May 13, 2008, supervised release modified to include the special condition that the offender reside in a Residential Reentry Center for a period of 90 days.

**Type of Supervision:** Supervised Release        **Date Supervision Commenced:** November 9, 2006

**Asst. U.S. Atty.:** Stephan Collins        **Defense Counsel:** T. Burke Wonnell (Appointed)
                                                     (907) 276-8008

**Prior Violation History:** On July 5, 2007, as indicated in the attached Request for Transfer of Jurisdiction, Mr. Rombold failed to submit urine samples at Mental Health Systems, Inc., (MHS). Since there were no positive urine samples, it was requested that no action be taken and that Jurisdiction be transferred to this district from the District of Alaska. On July 6, 2007, the Court concurred. On November 6, 2007, jurisdiction was officially transferred to the Southern District of California.

As indicated in the attached Report on Offender Under Supervision, dated April 1, 2008, Mr. Rombold failed to submit urine samples at MHS on several occasions. Since the offender would remain in the most stringent phase of drug testing and would be referred to outpatient drug treatment, no action was requested. On April 2, 2008, the Court concurred.

As indicated in the attached Request for Modifying the Conditions or Term of Supervision, dated May 12, 2008, Mr. Rombold again failed to submit urine samples at MHS on several occasions. Based on his continued non-compliance it was recommended that he reside in a Residential Reentry Center (RRC) for

PROB 12C

Name of Offender: Jack ROMBOLD                                        September 8, 2008
Docket No.: 07-CR-7040-001-IEG                                                    Page 2

a period of 90 days as a punitive sanction. On May 13, 2008, the Court concurred.

## PETITIONING THE COURT

## TO SUMMON THE OFFENDER TO APPEAR BEFORE THE COURT

The probation officer believes that the offender has violated the following condition(s) of supervision:

**CONDITION(S)**                               **ALLEGATION(S) OF NONCOMPLIANCE**

**(Special Condition)**
Reside in a Residential Reentry Center    1.   On July 24, 2008, Mr. Rombold was unsuccessfully
(RRC) as directed by the probation officer      terminated from the RRC.
for a period of 90  days. *(nv24)*

***Grounds for Revocation:*** Due to continued missed drug tests, on May 23, 2008, Mr. Rombold was placed at the RRC for a period of 90 days. On July 24, 2008, the RRC conducted an alcohol breathalizer test as the smell of alcohol was detected on Mr. Rombold. The test resulted in a positive reading of .022 and a confirmatory test conducted 16 minutes later resulted in a positive reading of .020. The offender was terminated from the RRC, pursuant to their zero tolerance for alcohol policy.

On July 30, 2008, Mr. Rombold was confronted regarding his termination from the RRC. He denied consuming alcohol, but did admit to using toothpaste and mouthwash containing alcohol (items containing alcohol are banned items at the RRC). The offender argued that he was allowed to enter in the facility with the toothpaste and mouthwash. The undersigned advised that both items were considered contraband, and as such he was terminated.

**(Special Condition)**
Participate in a program of drug or alcohol   2.   On May 14, 22, and June 14, 2008, Mr. Rombold
abuse treatment, including urinalysis testing      failed to submit urine samples at MHS.
and counseling, as directed by the probation
officer. May be required to contribute to the   3.   Mr. Rombold failed to enroll in outpatient drug
costs of services rendered in an amount to         treatment at the South Bay Men's Recovery Center
be determined by the probation officer,            in Chula Vista as instructed by the probation officer.
based on ability to pay. *(nv21)*

***Grounds for Revocation:*** As to allegation number two, I have received and reviewed the three Non-Compliance Reports from MHS, which documents that on May 14, 2008, Mr. Rombold failed to submit a urine sample at MHS. When confronted regarding the missed test, he indicated he was unaware he needed to continue calling the testing line while at the RRC.

On May 22 and June 14, 2008, Mr. Rombold failed to submit urine samples at MHS. When confronted regarding the missed tests, the offender indicated that he had to work on those dates, and he provided proof

PROB 12C

| | |
|---|---|
| Name of Offender: Jack ROMBOLD | September 8, 2008 |
| Docket No.: 07-CR-7040-001-IEG | Page 3 |

of working. However, the dates he worked were not the dates of the missed urine tests.

As to allegation number three, on March 24, 2008, Mr. Rombold was initially instructed to enroll in South Bay Men's Recovery Center (SBMRC) outpatient drug treatment program due to his continuous non-compliance with drug testing. He was instructed to enroll by April 4, 2008. On May 5, 2008, the undersigned telephoned SBMR who indicated Mr. Rombold had not enrolled in their program. On May 7, 2008, Mr. Rombold was confronted regarding his failure to enroll in SBMRC. The offender indicated that he just never called to enroll. He was again instructed to enroll in the program.

On July 9, 2008, the undersigned spoke with Mr. Rombold in person at the RRC, and inquired if he had enrolled in SBMRC. He indicated that he had not, as he thought he no longer had to participate. He was advised that the Court had already been informed that he would be participating in the program. Mr. Rombold was instructed to enroll in SBMRC by July 18, 2008, and to contact the probation officer with his orientation date. On July 18, 2008, the offender failed to telephone the probation officer. On July 29, 2008, the undersigned telephoned SBMRC who indicated Mr. Rombold had not enrolled in their program. On July 30, 2008, the offender was confronted regarding his failure to enroll in SBMR. The offender indicated that he forgot.

**(Standard Condition)**

| | | |
|---|---|---|
| Notify the probation officer ten days prior to any change of residence or employment. *(nv11)* | 4. | On or about July 24, 2008, Mr. Rombold changed his place of residence and failed to notify the probation officer. |

***Grounds for Revocation:***  On July 9, 2008, the undersigned spoke with Mr. Rombold at the RRC. He indicated that after his release he would likely return to his father's residence, but was entertaining the idea of residing with two female roommates downtown. He was informed that the address and their personal information would be needed by the probation officer to run a criminal records check prior to his move. On July 24, 2008, Mr. Rombold was unsuccessfully terminated from the RRC. On July 29, 2008, Mr. Rombold's father telephoned the probation officer to inquire about his status. When the undersigned inquired as to where the offender was residing, his father indicated he was living downtown with two female roommates. On July 30, 2008, Mr. Rombold reported to the probation office and reported that he was residing with his father in Chula Vista. He also listed his father's residence on his July monthly supervision report. On August 6, 2008, the offender's father and step-mother came into the probation office to submit a letter of support for the offender. They again indicated that Mr. Rombold was living downtown (uncertain of the actual address) with two roommates. On August 11, 2008, the offender's father left the undersigned a voice mail message indicating he was attempting to get the offender to move back home with him. On September 2, 2008, the offender's father advised that his son had moved back home on September 1, 2008.

PROB 12C

Name of Offender: Jack ROMBOLD                                      September 8, 2008
Docket No.: 07-CR-7040-001-IEG                                                    Page 4

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Mr. Rombold has been supervised by the probation office in the Southern District of California since his release from custody on November 9, 2006.

The offender has been less than successful on supervision, unable to comply with even the basic conditions of supervision such as submitting timely monthly supervision reports each month, complying with drug testing and counseling conditions.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Rombold has no prior criminal record other than the instant offense.

In the Presentence Report dated May 24, 2005, Mr. Rombold indicated he used alcohol occasionally with friends. He described his marijuana usage as on an every other day basis, with his last usage in January 2005. He reported cocaine usage on an occasional basis as well, with his last use the day of the arrest, February 12, 2005.

Mr. Rombold has maintained employment as a pipefitter at BAE Systems in San Diego. Prior to his placement at the RRC, he maintained a stable residence with his parents in Chula Vista. He is reportedly now back residing with his parents.

### SENTENCING OPTIONS
### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 3 year(s). 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegations (unsuccessful termination from the RRC; failure to submit urine samples at MHS; failure to enroll in South Bay Men's Recovery outpatient drug treatment program, and changed place of residence without notifying USPO) constitute Grade C violations. USSG § 7B1.1(a)(3), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG § 7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category I (determined at the time of sentencing) establishes an **imprisonment range of 3 to 9 months.** USSG § 7B1.4, p.s.

PROB 12C

Name of Offender: Jack ROMBOLD                                        September 8, 2008
Docket No.: 07-CR-7040-001-IEG                                                        Page 5

It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG § 7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG § 7B1.3(c)(1), p.s.

Pursuant to USSG § 7B1.3(d), p.s., any unserved portion of community confinement shall be ordered to be served, in addition to the sentence imposed as a result of the revocation. In this case, the offender has not served 27 days of the court-ordered community confinement.

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of 5 year(s) supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

## RECOMMENDATION/JUSTIFICATION

It appears that Mr. Rombold has made a choice not to make supervision a priority, and is more concerned with his employment and living situation, than with his supervision compliance. The offender was unsuccessfully terminated from the RRC; failed to submit urine samples at MHS; failed to attend outpatient drug treatment at South Bay Men's Recovery, and has failed to report his change in residence. The RRC condition was imposed as a sanction for repeated noncompliance with regard to drug testing. He had approximately 30 days left to serve when he was terminated from the facility for alcohol use. The undersigned contemplated requesting a warrant due to the offender's continued non-compliance. However, since he has never submitted a positive urine sample, has maintained sporadic compliance, and has maintained stable employment throughout his supervision, it is believed that requesting that Mr. Rombold be summoned before Your Honor would be equally effective in gaining his attention, while still allowing him to maintain employment.

PROB 12C

Name of Offender: Jack ROMBOLD

September 8, 2008

Docket No.: 07-CR-7040-001-IEG

Page 6

If found in violation, it is recommended that supervised release be modified, and 90 days home confinement with electronic monitoring be imposed, and supervised release be continued with the same terms and conditions as previously ordered including drug/alcohol testing and counseling as directed by the probation officer. It his hoped that this punitive sanction will impress upon Mr. Rombold the importance of complying with all conditions of supervision, and also allow him to continue to maintain his employment.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on:  September 8, 2008**

Respectfully submitted:                           Reviewed and approved:
KENNETH O. YOUNG
CHIEF PROBATION OFFICER

by _____                 _____
Janice Rogers-Archie                               Mary M. Murphy
United States Probation Officer                    Supervising U.S. Probation Officer
(619) 409-5114

Name of Offender: Jack ROMBOLD      .     .      September 8, 2008
Docket No.: 07-CR-7040-001-IEG                                           Page 7

## VIOLATION WORKSHEET

1. **Defendant:** ROMBOLD, Jack

2. **Docket No.** (Year-Sequence-Defendant No.): 07-CR-7040-001-IEG

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| Unsuccessfully terminated from the RRC | C |
| Failure to submit urine samples at MHS | C |
| Failure to enroll in South Bay Men's Recovery outpatient drug treatment prog | C |
| Changed place of residence without notifying USPO | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))            [ C ]

5. **Criminal History Category** (*See* USSG § 7B1.4(a))             [ I ]

6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))         [ 3 - 9 months]

7. **Unsatisfied Conditions of Original Sentence:** None.

## THE COURT ORDERS:

X     THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON OCTOBER 14, 2008, AT 2:00 P.M., TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE MODIFIED.

_____ Other _____

_____

_____

_____                _____9/10/08_____
The Honorable Irma E. Gonzalez                              Date
Chief U.S. District Judge

jra/jra